**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

TOMAS ANTONIO NARANJO SIGUEROS and
ELVIS RAMIREZ AVALOS,
by and through their next friend
CHARLES BARTRUM,

Petitioners,

v. CIVIL ACTION NO. 3:26-0663

DAVID VENTURELLA,
Acting Director, United States Immigration and
Customs Enforcement,
MARKWAYNE MULLIN,
Secretary of Homeland Security;
TODD BLANCHE,
United States Attorney General;
KENNETH BARNETT,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
JOHN RIFE,
Field Office Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement;
in their official capacities,

Respondents.

**MEMORANDUM OPINION AND ORDER**

The Court granted the Petition and ordered Petitioners **Tomas Antonio Naranjo Sigueros** and **Elvis Ramirez Avalos** released on October 22, 2026. ECF No. 25. This Opinion sets forth the reasons for that decision.

Petitioners allege that their detention violated (1) the Fifth Amendment's Due Process Clause and (2) 8 U.S.C. § 1226(a) and its implementing regulations. Pet. ¶¶ 28-40, ECF No. 1. Specifically, Petitioners allege that "no immigration officer . . . has conducted an individualized

custody determination assessing whether Petitioners' continued detention is necessary to address flight risk, danger to the community, or the availability of conditions of release." *Id.* ¶ 19. Petitioners were arrested on the morning of October 15, 2026, within the interior of the United States, in or around Barboursville, West Virginia, following a traffic stop. *Id.* ¶ 16. They were then transported to the ICE processing facility in Poca, West Virginia. Am. Resp. at 5, ECF No. 10. At this facility, Petitioner Elvis Ramirez Avalos signed a voluntary departure agreement. *Id.* at 6. The Petition was initially entered around 12:59 P.M. on the same day. *See* Pet.[1]

As in prior cases, this Court does not address the validity or invalidity of the voluntary departure agreement allegedly signed by Petitioner Elvis Ramirez Avalos. *See Nunez Aguilar v. Venturella*, No. 3:26-cv-611 (122 (S.D. W. Va. Oct. 8, 2026) (Chambers, J.); *Tinajero Rodriguez v. Mason*, No. 2:26-cv-122 (S.D. W. Va. Feb. 24, 2026) (Berger, J.). Even if the Court did find that this agreement was valid, Respondents acknowledge that Petitioner may "revoke" his voluntary departure agreement. *See* Am. Resp. at 3.

In its Order granting relief, this Court found that "Respondents have failed to meet their burden of demonstrating that Petitioners received an individualized custody determination consistent with 8 U.S.C. § 1226(a)." ECF No. 25. As in *Francisco Javier Escamilla v. Venturella*, No. 3:26-cv-662 (S.D. W. Va. Oct. 30, 2026), ECF No. 25, the Court finds that Respondents' failure to provide Petitioners with an individualized custody determination violates both § 1226(a) and its implementing regulations and the Due Process clause. The record reflects that Respondents have failed to meaningfully exercise their discretion and have thus denied Petitioners a sufficient opportunity to be heard under § 1226(a). Moreover, Respondents' failure to provide this

[1] The Court need not address Counts Three or Four of the Petition to grant relief.

fundamental feature of due process fails the *Mathews* test and denies Petitioners due process. Thus, this Court's opinion in *Escamilla* is adopted and forms the basis for this brief opinion.

For the foregoing reasons, the Court **GRANTED** the Petition, ECF No. 1, and **DENIED** Respondents' Motion to Dismiss, ECF No. 10.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented party.

ENTER: October 30, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE